■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COVERT, Appellant. [636 NYS2d 615] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered August 1, 1994, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $3^1/2$ to 7 years, unanimously affirmed.

Defendant's claim that his plea was not knowingly entered because he misunderstood the minimum sentence he could receive in exchange for his guilty plea on the offered charge and the maximum sentence he could receive if convicted after trial is unpreserved for appellate review as a matter of law, since he did not move to withdraw the plea before sentencing or to vacate the judgment of conviction (*People v Ortiz*, 203 AD2d 126, *lv denied* 83 NY2d 913). We decline to review the claim in the interest of justice. If we were we to review it, we would find that the court properly apprised defendant of the consequences of pleading guilty, neither misinforming him of the sentences he could receive nor pressuring him into pleading guilty by threatening the maximum sentence should he be convicted at trial. Concur—Ellerin, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.